UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSIE SHARP, | Civil No. 07-4104 (RMB) |
| Plaintiff, | |
| v. | **OPINION** |
| SOUTH WOODS STATE PRISON, et al., | |
| Defendants. | |

**APPEARANCES**:

    JESSIE SHARP, #231463
    South Woods State Prison
    215 South Burlington Road
    Bridgeton, New Jersey  08302

**BUMB**, District Judge:

Plaintiff Jessie Sharp, an inmate who is incarcerated at South Woods State Prison ("SWSP"), seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses a $350.00 filing fee against Plaintiff; and (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and to forward same to the Clerk of the Court; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the

account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint.

## I.   BACKGROUND

Plaintiff asserts violations of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration at SWSP. This Court must view Plaintiff's allegations as true for the purposes of this review.[1]  Plaintiff alleges that an NJDOC policy, which is attached to the Complaint, requires inmate food service workers to be paid between $2.00 and $3.20 per day. Plaintiff asserts that, although he filed administrative remedies and complained in writing to the prison administrator, he is still paid only $1.30 to $1.40 per day as a food service worker.

Attached to the Complaint are copies of four Inmate Request Forms, with responses, and a document entitled "620 INMATE WAGES."  (Compl. attachments.)  The document entitled "620 INMATE WAGES states that "[t]he following titles shall be paid in accordance with the following wage scale," and lists the wage for a food service worker as $2.00 to $3.20 per day.  (Id.)

The most recent Inmate Request Form attached to the Complaint is dated January 5, 2005.  In the space entitled REASON FOR REQUEST, Plaintiff wrote:

---

[1] A court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

> To Kathryn MacFarland administrator, I am writing you about my state pay and the reason this prison is not paying me the pay that the DOC set for me to receive.  Now I work in food service and the DOC says that the lowest a food service worker should get is $2.00 a day.  The highest is $3.20 a day.  Here you pay me $1.40 a day and [I] am sending you a copy of the DOC pay scale for the jobs.

(Compl. attachment.)

In RESPONSE, the Administrator wrote:

> The pay scale you sent me is for "Special Job Assignment," not regular job assignments which are also part of those standards.  You are assigned to a regular job.  These wages do not apply to you.

(Id.)

As relief for violation of his constitutional rights, Plaintiff "ask[s] that the inmate wages would be increase[d] under D.O.C. 620 to the inmates at south woods state prison."[2] (Compl. Relief.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is

---

[2] Plaintiff does not seek back pay.

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, ___ U.S. ___, ___, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69,

4

73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all.'" Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). If so, the Court determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

A.  Due Process

Plaintiff asserts that the Administrator of SWSP violated his constitutional rights by paying him a wage of $1.40 per day as a food service worker, contrary to NJDOC policy 620, which requires food service workers to be paid wages of at least $2.00 per day.  In response to Plaintiff's administrative remedy, the Administrator of SWSP informed Plaintiff that he is being paid the correct wages, according to NJDOC policy, and that the $2.00 per day minimum wage to which Plaintiff refers does not apply to Plaintiff because Plaintiff has a regular job assignment and the higher wage scale only applies to special job assignments.  This Court construes Plaintiff's allegations as attempting to state a claim that he was deprived of property without Due Process of law in violation of the Fourteenth Amendment of the United States Constitution and § 1983.

The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  In analyzing a Due Process claim, a court must first decide whether the person was deprived of a liberty or property interest protected by due process.  See Fuentes v. Shevin, 407 U.S. 67 (1972).  Only if the answer is yes, is the second step, determining what process is due, necessary.  See Morrissey v. Brewer, 408 U.S. 471 (1972).

"Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." Goss v. Lopez, 419 U.S. 565, 572-73 (1975) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

In this case, Plaintiff contends that he has a protected interest, created by NJDOC policy 620, in being paid at least $2.00 per day for food service work. The problem with Plaintiff's claim is that the Administrator of SWSP, as well as the New Jersey courts, have determined that Plaintiff has no legitimate claim of entitlement to the wage level he seeks. The Administrator of SWSP determined that the "Special Job Assignment" wage scale does not govern Plaintiff's job because he is assigned to a regular, rather than a special job assignment. Moreover, New Jersey courts have held that New Jersey inmates "do not have a 'liberty interest in a particular, or any, job assignment, nor in the wages or credits that can be earned by performing a prison work assignment.'" Shabazz v. New Jersey

8

Dep't of Corrections, 385 N.J. Super. 117, 129 (App. Div. 2006) (quoting Lorusso v. Pinchak, 305 N.J. Super. 117, 119 (App. Div. 1997), certif. denied, 153 N.J. 403 (1998)).[3]  Because Plaintiff has no protected interest in receiving the wages he seeks, his Due Process claim fails as a matter of law and will be dismissed for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2007

---

[3] See also Camarota v. New Jersey Dep't of Corrections, 2006 WL 3733020 *2 (N.J. Super., App. Div., Dec. 20, 2006) ("It is well-settled that inmates do not have a liberty interest in any particular job or wage").